IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-262-BO

| | | |
|---|---|---|
| WENDY M. DALE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| RED HAT, INC. and LEAH MOORE, in | ) | |
| both her individual capacity and as an agent | ) | |
| of Red Hat, Inc., | ) | |
| Defendants. | ) | |

This cause comes before the Court on defendant Moore's motions to dismiss the original and the amended complaint and defendant Red Hat Inc.'s partial motion to dismiss the amended complaint. Plaintiff has responded, defendants have replied, and the matters are ripe for ruling. For the reasons that follow, defendant Moore's motion to dismiss the amended complaint is granted and defendant Red Hat's partial motion to dismiss is denied.

## BACKGROUND

Plaintiff, who proceeds in this action *pro se*, was formerly employed by defendant Red Hat as a contracts specialist in its Commercial Legal Group, which consisted of approximately thirteen attorneys and contracts specialists who managed and negotiated Red Hat's revenue producing contracts. [DE 3] Amd. Cmpl. ¶¶ 5, 7, 11, 13, 14. Plaintiff was employed at Red Hat from August 18, 2014, through September 5, 2017. *Id.* ¶ 5. Plaintiff alleges that she received positive performance reviews, including accolades from her supervising attorneys and others, and committed no misconduct or policy violations. *Id.* ¶¶ 16, 18, 19.

On May 30, 2017, plaintiff requested a reasonable accommodation pursuant to the American with Disabilities Act and the North Carolina Persons with Disabilities Protection Act due to her mental health disability, namely her diagnosis of major depressive disorder with psychotic features and emotion dysregulation. *Id.* ¶ 26. After requesting an accommodation, plaintiff had several meetings with Red Hat's human resources department regarding her disability and needed accommodations; specifically, plaintiff reported to human resources that she was having difficulty communicating with her direct supervisor, Ed Hussey, due to experiencing delusional or paranoid thinking regarding Hussey. *Id.* ¶¶ 36-38. In June 2017, plaintiff provided Red Hat with written documentation from her medical providers regarding her conditions, in which plaintiff's providers recommended that a reasonable accommodation would be to allow plaintiff to engage in a mediation with a Red Hat employee with whom she was having difficulty communicating, using a neutral third-party mediator, and that plaintiff be permitted to not personally interact with a Red Hat employee with whom she was having difficulty until such a mediation took place. *Id.* ¶¶ 42-44.

In June 2017, human resources notified plaintiff that Red Hat would provide the reasonable accommodation of a mediation as recommended by plaintiff's medical providers. *Id.* ¶ 45. Plaintiff immediately requested a mediation with her supervisor, Hussey. *Id.* ¶ 46. Human resources responded in August 2017 that they would need additional information from plaintiff's medical providers regarding how to conduct the mediation. *Id.* ¶ 48. In early August 2017, plaintiff was removed as a lead negotiator on a major contract by Hussey's supervisor, Winston Lloyd, who also replaced plaintiff with Hussey as the lead negotiator on the contract. *Id.* ¶¶ 50, 55, 56.

2

Plaintiff sent Lloyd an email on August 9, 2017, asking that he not require her to assist Hussey in the contract negotiations, and mentioning that she was trusting that human resources would effect a resolution to her accommodation request rather than taking her concerns directly to the Equal Employment Opportunity Commission (EEOC). *Id.* ¶¶ 57, 58. Shortly after plaintiff sent the email to Lloyd, he asked to speak with plaintiff in a private office, where plaintiff alleges Lloyd verbally berated her. *Id.* ¶ 60. Plaintiff remained poised but was severely distressed by the confrontation and had to take several days of sick leave following the incident. *Id.* ¶ 64. Plaintiff filed a charge with the EEOC on August 9, 2017, and promptly informed human resources of both the incident with Lloyd and the EEOC charge. *Id.* ¶ 65-66.

On August 15, 2017, defendant Moore approached plaintiff at her desk and told plaintiff that she would be escorted off the premises, and plaintiff later received an email from Moore informing her that she was being placed on an involuntary leave of absence for approximately four weeks. *Id.* ¶¶ 67-68. Moore recommended to Edward Rockwell, the head of the Commercial Legal Group, that plaintiff's employment be terminated due to plaintiff's disabling medical conditions, that she did not believe Red Hat was required by law to provide plaintiff with a reasonable accommodation, and that it was not clear whether plaintiff actually had a disability. *Id.* ¶¶ 73-74. Plaintiff alleges that Moore made defamatory and false statements in her email to Rockwell in order to create a pretext for plaintiff's termination. *Id.* ¶ 75. Plaintiff's employment with Red Hat was terminated on September 5, 2017. *Id.* ¶ 77.

Plaintiff's amended complaint alleges claims of failure to accommodate, disparate treatment, and retaliation on the basis of disability under the Americans with Disabilities Act (ADA), libel, punitive damages, and for common law wrongful discharge in violation of North Carolina public policy.

3

DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted). The Court holds a *pro se* litigant's pleading to less stringent standards. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted). However, this less stringent standard does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

At the outset, plaintiff's filing of an amended complaint renders the original complaint of no legal effect, and Moore's first motion to dismiss is therefore denied as moot. *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001).

A.   Moore's motion to dismiss the amended complaint.

Moore's motion to dismiss the amended complaint is granted. Plaintiff's amended complaint alleges two classes of claims against Moore in her individual capacity and in her capacity as an agent of Red Hat: disparate treatment and retaliation under the ADA and libel.

Plaintiff concedes that there is no cause of action against an individual under the ADA. *See also Baird ex rel. Baird v. Rose*, 192 F.3d 462, 471-72 (4th Cir. 1999); *Stern v. California State Archives*, 982 F. Supp. 690, 692 (E.D. Cal. 1997); *Wilkins v. Nordstrom, Inc.*, No. RWT 11-CV-3520, 2013 WL 12247055, at *3 (D. Md. Jan. 14, 2013). Insofar as plaintiff has alleged any claim under the ADA against Moore, such claim is dismissed.

Plaintiff's claim for libel against defendant Moore is also dismissed. In her amended complaint, plaintiff alleges that Moore's email to Rockwell recommending that plaintiff's employment be terminated contained defamatory statements.[1] Specifically, plaintiff alleges that the following written statement by Moore constituted libel:

> [Plaintiff] has been rude, unprofessional, and aggressive; she has been insubordinate; and she has refused to work with her management chain or the People Team to address either her behavior or even her own requests and demands for workplace changes.

Amd. Cmpl. ¶ 107.

Plaintiff appears to allege a claim for libel *per se*, which under North Carolina law requires her to prove

> (1) defendant . . . published base or defamatory words which tended to prejudice him in his reputation, office, trade, business or means of livelihood or hold him up to disgrace, ridicule or contempt; (2) the statement was false; and (3) the statement was published or communicated to and understood by a third person.

---

[1] Plaintiff argues in opposition to the motion to dismiss that her claim for libel is not barred by *res judicata* because she was unaware of the libelous statement at the time she filed her complaint in state court. Because the Court finds that dismissal of the libel claim is proper on other grounds, it declines to consider whether res judicata applies.

5

*Cummings v. Lumbee Tribe of N. Carolina*, 590 F. Supp. 2d 769, 774 (E.D.N.C. 2008) (quoting *Friel v. Angell Care, Inc.*, 113 N.C.App. 505, 509, 440 S.E.2d 111 (N.C.App.1994)). A claim for libel or defamation *per quod* must be proven if extrinsic or explanatory evidence must be used to show the defamatory nature of the statements. *Eli Research, Inc. v. United Commc'ns Grp., LLC*, 312 F. Supp. 2d 748, 761 (M.D.N.C. 2004). The elements for libel *per quod* are the same as those for libel *per se*, with the addition of needing to plead and prove malice and special damages. *Id.*; *Donovan v. Fiumara*, 114 N.C. App. 524, 527 (1994).

"In the employment context, agents and employees of a single employer are not considered third persons to the employer or to each other." *Reikowski v. Int'l Innovation Co. USA*, No. 3:12CV854-GCM, 2013 WL 526489, at *3 (W.D.N.C. Feb. 11, 2013); *see also Hall v. Charter Commc'ns, LLC*, No. 3:17-CV-00497-GCM, 2018 WL 651345, at *3 (W.D.N.C. Jan. 31, 2018); *Lee v. AT & T Mobility Servs. LLC*, No. 5:11-CV-294-FL, 2013 WL 1246747, at *8 (E.D.N.C. Mar. 27, 2013). Thus, where, as here, the communication of allegedly libelous statements is between only employees of a single employer, no publication of the libelous statement has occurred, and the plaintiff cannot satisfy one of the required elements of a libel claim. Plaintiff's reliance on *White v. Trew*, 217 N.C. App. 574, 581 (2011), to argue otherwise is unpersuasive, as the court of appeals' holding in *Tew* was reversed by the North Carolina Supreme Court, albeit on other grounds, 366 N.C. 360 (2013), rendering the precedential value of the decision on which plaintiff relies "questionable at best." *Reikowski*, 2013 WL 526489, at *3 n.1; *but see Sirona Dental, Inc. v. Smithson*, No. 314CV00714RJCDSC, 2016 WL 1263348, at *2 (W.D.N.C. Mar. 31, 2016) (following *Tew* and holding that intra-company statements may be considered published where person who reads the communication was "distinct and independent of the process by which the statements were produced") (citation omitted).

6

Plaintiff's libel claim against Moore fails whether she has alleged a claim for libel *per se* or libel *per quod* as she cannot demonstrate that the allegedly libelous statement was published or communicated to a third party. Moore's motion to dismiss this claim is therefore granted.

B.  Red Hat's partial motion to dismiss.

Red Hat has moved to dismiss plaintiff's wrongful termination in violation of public policy claim on the ground of *res judicata*, and argues that this claim was previously litigated and dismissed in a related state court action. On November 27, 2017, plaintiff filed a complaint in Wake County, North Carolina Superior Court against Red Hat, Moore, Susan Moynihan Cox, and Michael Cunningham.[2] [DE 23-2]. In an amended complaint filed January 3, 2018, plaintiff alleged claims for wrongful termination and retaliation in violation of the North Carolina Equal Employment Practices Act, the ADA, the North Carolina Persons with Disabilities Protection Act, and the North Carolina Retaliation in Employment Discrimination Act. [DE 23-3]. ¶¶ 106-108. Plaintiff also alleged claims for intentional infliction of emotion distress, interference with a contractual relationship, and constructive fraud, and further sought punitive damages. The defendants moved to dismiss plaintiff's amended complaint under N.C. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim. The Wake County Superior Court granted the motion to dismiss by order entered May 8, 2018. [DE 23-5].

The doctrine of *res judicata* provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (internal citations omitted); *see also Clancy v. Onslow Cty.*, 151 N.C. App. 269, 271 (2002). The doctrine "protect[s] litigants from the burden of relitigating previously decided matters and promot[es] judicial economy by

---

[2] The Court may consider information in the public record when reviewing a motion to dismiss pursuant to Rule 12(b)(6) without converting the motion to one for summary judgment. *Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004).

7

preventing needless litigation." *Clancy*, 151 N.C. App. at 271. The requirements of *res judicata* are not satisfied here as to plaintiff's common law wrongful termination claim.

To demonstrate that *res judicata* bars an action, a party must show that there was a final judgment on the merits in the earlier suit; that there is an identity of causes of action in the earlier and the later suit; and the parties or their privies to the earlier and later suit are the same. *Moody v. Able Outdoor, Inc.*, 169 N.C. App. 80, 84 (2005). Here, the parties to the state court action and the wrongful termination claim raised therein are identical to this action. The summary order dismissing plaintiff's complaint states that all claims have been dismissed pursuant to N.C. R. Civ. P. 12(b)(1) and 12(b)(6) with prejudice. [DE 23-5]. However, defendants moved to dismiss plaintiff's wrongful discharge claims for lack of subject matter jurisdiction, [DE 23-4] and plaintiff correctly argues that a dismissal for lack of subject matter jurisdiction under N.C. R. Civ. P. 12(b)(1) would not have preclusive effect.

Plaintiff has clarified in her response to the instant motion to dismiss that she is proceeding here with a single common law wrongful discharge in violation of public policy claim under the North Carolina Equal Employment Practices Act (NCEEPA). N.C. Gen. Stat. § 143-422.2, which prohibits discrimination in employment on the basis of, *inter alia*, handicap. The North Carolina Persons with Disabilities Protection Act (NCPDPA), to which plaintiff refers in her amended complaint, provides that "[n]o court shall have jurisdiction over an action filed under this chapter where the plaintiff has commenced federal judicial or administrative proceedings under . . . the [ADA] . . .". N.C. Gen. Stat. § 168A-11(c). Accordingly, where a plaintiff has commenced federal judicial and administrative proceedings under the ADA based on the same facts and circumstances as her NCPDPA claim, her wrongful termination claim under the NCPDPA must be dismissed. *Cone ex rel. Cone v. Randolph Cty. Sch.*, 302 F. Supp.

8

2d 500, 514 (M.D.N.C. 2004); *Gottesman v. J.H. Batten, Inc.*, 286 F. Supp. 2d 604, 615 n.7 (M.D.N.C. 2003).

Here, however, plaintiff proceeds with her wrongful termination claim under the NCEEPA. While courts have looked to the NCPDPA in order to define "handicap" when considering a claim under the NCEEPA, courts have further "repeatedly recognized that termination based on an employee's disability in violation of the NCEEPA provides a proper basis for a wrongful discharge claim." *Sidhu v. Cancer Centers of N. Carolina, P.C.*, No. 5:12-CV-603-FL, 2013 WL 2122958, at *4 (E.D.N.C. May 15, 2013) (listing cases). In light of the foregoing, plaintiff's NCEEPA claim may go forward at this stage. Red Hat's motion to dismiss plaintiff's wrongful termination claim is denied.

## CONCLUSION

For the foregoing reasons, Moore's motion to dismiss the original complaint [DE 18] is DENIED AS MOOT. Moore's motion to dismiss the amended complaint [DE 22] is GRANTED. Red Hat's partial motion to dismiss the amended complaint [DE 23] is DENIED. Defendant Moore is DISMISSED from this action. Plaintiff's ADA claims and claim for wrongful termination in violation of the NCEEPA will proceed against defendant Red Hat.

SO ORDERED, this 23 day of November, 2018.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE